UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMAN BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV0025 JCH |
| ) | |
| AMEREN UE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (Doc. No. 5) and Motion for Sanctions (Doc. No. 7), both of which were filed on behalf of Union Electric Company d/b/a Ameren Missouri ("Ameren") and Armstrong Teasdale LLP ("Armstrong") (collectively "Defendants").[1] The matter is fully briefed and ready for disposition.

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355

---

[1] The caption of Plaintiff's complaint lists the Defendants as "AmerenUE" and "Armstron Teasdale Law Firm [sic]," respectively. The Court will refer to the Defendants as they refer to themselves in this action.

U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## BACKGROUND

In his Complaint for Declaratory Judgment and Other Relief and an Independent Action in Equity ("Complaint"), Plaintiff Norman Banks ("Plaintiff") seeks "relief from final judgment[s] entered by this court" and other courts in previous actions arising out of Plaintiff's employment with Ameren in which Ameren was represented by Armstrong. (Complaint ("Compl."), Doc. No. 1, p. 1–2 (alteration in original)). A brief explanation of the previous litigation between Plaintiff and Ameren is necessary to understand Plaintiff's claim and the relief he seeks in the instant case.[1]

In 2000, Plaintiff sued Ameren claiming violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA") arising out of an allegedly discriminatory failure to promote and a hostile work environment ("the 2000 Suit"). (Compl., p. 2). See Banks v. Ameren/UE, 4:00CV00847 JCH (E.D. Mo. Sept. 13, 2001) (Exhibit B to Defendants' Motion to Dismiss). Plaintiff filed the 2000 Suit pro se, but later retained counsel.[2] This Court

---

[1] Plaintiff discusses these actions in his Complaint. (Compl., pp. 2–3). To the extent this description of previous lawsuits between Plaintiff and Ameren goes beyond the allegations contained in the Complaint, the Court takes judicial notice of such previous proceedings as Plaintiff suggests that it may. (Compl., p. 2). See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that a court may take judicial notice of items in the public record, including court records, when deciding a motion to dismiss under Rule 12(b)(6)).

[2] The Complaint is silent as to when Plaintiff retained this attorney, although the Complaint contains certain references to this attorney. (Compl., p. 5). The docket for the 2000 Suit indicates Plaintiff's complaint in that matter was filed pro se, and that an attorney subsequently entered an appearance. (4:00cv0847, Doc. No. 46).

entered summary judgment in favor of Ameren on all counts. Id. The Eighth Circuit affirmed. See Banks v. AmerenUE, 25 F. App'x 483 (8th Cir.), cert. denied, 537 U.S. 836 (2002).

In 2005, Plaintiff sued Ameren, Craig Sherill (his supervisor), and IBEW Local 1439 (his union), alleging a breach of the duty of fair representation, retaliation, intentional infliction of emotional distress, constructive discharge, and fraud ("the 2005 Suit"). (Compl., p. 2). See Banks v. Ameren UE, 4:05CV00477 JCH, 2005 U.S. Dist. LEXIS 25418 (E.D. Mo. Sept. 8, 2005). After removal from the Missouri Circuit Court by those defendants, this Court granted the defendants' motion to dismiss on those five claims. Id. Additionally, Plaintiff brought a claim against Ameren for unpaid wages under Missouri law. (Compl., p. 2). See 2005 U.S. Dist. LEXIS 24909 (E.D. Mo. Oct. 25, 2005). This Court granted Ameren's Motion to Dismiss on this claim, as well. Id. Plaintiff appealed the fraud and state law wage claims, and the Eighth Circuit affirmed this Court's judgment on both claims. See Banks v. Ameren UE, 234 F. App'x 416 (8th Cir. 2007).

In 2007, Plaintiff sued Ameren and Craig Sherill (his supervisor) for common law fraud and wages owed under Missouri law ("the 2007 Suit"). (Compl., p. 3). See Banks v. AmerenUE, 4:07CV1254 JCH, 2007 U.S. Dist. LEXIS 68737 (E.D. Mo. Sept. 17, 2007). After removal from the Missouri Circuit Court by those defendants, this Court granted the motion to dismiss in favor of those defendants on both claims. Id., Doc. No. 18. This Court "warned [Plaintiff] that any future attempts to pursue litigation based on previously dismissed claims will result in the imposition of sanctions." Id. at *10, n.6. The Eighth Circuit affirmed this Court's judgment on the basis of *res judicata*. Banks v. AmerenUE, 311 F. App'x 934 (8th Cir. 2009).

In 2009, Plaintiff sued Ameren for fraud ("the 2009 Suit"). See Banks v. Ameren UE, No. 0922-CC1031 (Mo. Cir. Ct. Aug. 6, 2009) (Exhibit I to Defendants' Motion to Dismiss, Doc. No. 5-9). The Missouri Circuit Court granted summary judgment in favor of Ameren because of

the *res judicata* effect of the 2000, 2005, and 2007 Suits. Id. As this was Plaintiff's fourth suit against Ameren, the court ordered that "the Clerk shall accept no future suit filed by plaintiff against the defendants named herein unless plaintiff shall first post bond or deposit cash to secure future costs in the sum of $1,500 pursuant to [Missouri law]." Id.

In his fifth suit against Ameren, Plaintiff now requests "relief from prior adverse judgment[s] entered by this court" in the 2000 Suit, the 2005 Suit, and the 2007 Suit. (Compl., pp. 1–2 (alteration in original)). Plaintiff specifically requests relief from the final judgments on the following claims: discriminatory denial of promotion, common law fraud, denial of payment to a discharged employee under Missouri law, and the penalty associated with denying payment to a discharged employee as provided by Missouri statute. (Id.)

Plaintiff alleges that Defendants committed fraud upon the court to obtain these favorable judgments in the 2000 Suit, the 2005 Suit, and the 2007 Suit, and that this gives rise to an independent action in equity. (Id., pp. 1–3). The conduct that Plaintiff asserts constituted fraud upon the court is that Ameren, represented by Armstrong, used certain answers in Plaintiff's deposition from the 2000 Suit to obtain summary judgment in favor of Ameren. (Id., p. 5). Plaintiff alleges that Defendants "fabricated a twisted version of the truth" by "manipulat[ing]" his deposition. (Id.). Plaintiff, however, acknowledges that he failed to controvert Defendant's Statement of Uncontroverted Facts in the 2000 Suit. (Id., p. 5). See 4:00CV00847 JCH, Doc. No. 63, p. 1, n.1. The Complaint suggests that Plaintiff's attorney "purposely withheld the controverted answers to Defendant's uncontroverted material facts, which were entered into the record as if they were true." (Compl., p. 5).

Defendants move to dismiss the Complaint by arguing that it is barred by *res judicata* and that it fails to state a claim of fraud upon the court. (Defendant's Motion to Dismiss, ¶¶ 5–6).

Defendants also seek sanctions against Plaintiff under Fed. R. Civ. P. 11. (Defendant's Motion for Sanctions).

## DISCUSSION

   I.   *Res Judicata* and Fraud upon the Court

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Daley v. Marriott Int'l, Inc., 415 F.3d 889, 895–96 (8th Cir. 2005) (citation omitted). The second suit is based on the same cause of action as the first if it "arise[s] out of the 'same nucleus of operative facts as the prior claim.'" Id. at 896 (citation omitted). An action arises out of the same nucleus of operative facts as the prior claim if "the wrong for which redress is sought is the same in both actions." Id. (citation omitted).

This is the fifth time Plaintiff has pursued claims arising out of his employment with Ameren, and he raises no substantive claim that he has not raised before. This Court has previously entered judgment against Plaintiff on the merits for the claims he now seeks to litigate: the 2000 Suit rejected Plaintiff's failure to promote claim, and the 2005 Suit rejected Plaintiff's fraud claim and his claims under Missouri statute for unpaid wages and the accompanying penalty. Because the wrong for which redress is sought is identical to the relief sought in the 2000 Suit and the 2005 Suit, this claim arises out of the same nucleus of operative fact as the previous suits and is therefore presumptively barred by *res judicata*.

Plaintiff, however, alleges that the Defendants committed fraud upon the court in the 2000 Suit and the 2005 Suit. (Compl., p. 11 ("Defendant's unrelenting fraud upon the court continued through ten years of litigation")). If proved, a fraud upon the court "may warrant escape from

ordinary preclusion consequences." See Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 18 Federal Practice & Procedure § 4415 (2d ed. 2010).

This Court can entertain an independent action in equity to set aside a judgment for fraud upon the court where there is

> (1) a judgment which ought not, in equity and good conscience, . . . be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented [a party] in the judgment from obtaining the benefit of his [claim]; (4) the absence of fault or negligence on the part of the [party seeking relief]; and (5) the absence of any adequate remedy at law.

See Superior Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010) (citation omitted).

The fourth element of this claim requires the absence of fault or negligence on the part of the party seeking relief. In Superior Seafoods, the Eighth Circuit reasoned that it could not "characterize [a party] as being without fault given the multiple foregone opportunities to raise his current arguments." Id. at 879. That party did not seek to vacate the judgment that was allegedly procured by a fraud upon the court when it was entered, nor did he raise this issue on appeal, even though he knew of the facts that he alleged constituted fraud upon the court at that time. Id. In the instant case, Plaintiff knew of the alleged fraud on the court both during the action in which the alleged fraud occurred, in the appeals to those actions, and in subsequent actions. (See Compl., p. 11, ¶ 11)). Because Plaintiff did not raise this argument in those forums, he cannot establish that he is without fault in pursuing this independent action.[1] See Superior Seafoods, 620 F.3d at 878–79. Therefore, Plaintiff cannot overcome the *res judicata* bar of the previous proceedings. See Rhodes v. Meyer, 334 F.2d 709, 713 (8th Cir. 1964) (*res judicata* precludes suit where party knew of the factual basis

---

[1] Plaintiff argues that he "pleaded through five courts and ten years of litigation [that] the qualification for the Standard Tester job had been fabricated and concealed by Defendant." (Compl., p. 11, ¶ 11). This litigation, however, appears to be the first time Plaintiff has argued that such conduct constituted fraud upon the court. His failure to do so is the relevant fault.

for the alleged fraud upon the court during previous actions but did not raise it until subsequent action because it "savor[ed] too strongly of 'second guessing'").

Even if Plaintiff were without fault, the conduct alleged in the Complaint would not constitute fraud on the court. The Eighth Circuit has explained that

> [f]raud on the court, though not easily defined, can be characterized as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense. A finding of fraud on the court is justified only by the most egregious misconduct directed at the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel, and must be supported by clear, unequivocal and convincing evidence.

Landscape Properties, Inc. v. Vogel, 46 F.3d 1416, 1422 (8th Cir. 1995) (citations omitted).

The allegation in the instant case is essentially that Armstrong's advocacy on behalf of Ameren in the 2000 Suit and the 2005 Suit constituted fraud upon the court in that Armstrong "fabricated a twisted version of the truth" by relying on a "manipulated" interpretation of Plaintiff's own deposition rather than certain documentary evidence that Plaintiff believes is favorable to him. (Compl., p. 5). When considered apart from Plaintiff's labels and conclusions, this allegation does not rise to the level of such actions as bribing a judge or fabricating evidence. See Vogel, 46 F.3d at 1422 (listing these two actions as examples of sufficiently egregious conduct to constitute fraud upon the court). Plaintiff acknowledges that he failed to controvert Defendant's Statement of Uncontroverted Facts in the 2000 Suit, and he even suggests that his attorney may have withheld purposefully this information from the court. (Compl., p. 5 (regarding Plaintiff's attorney's intentional withholding); id., p. 6 (arguing that "[u]nanswered controverted facts cannot changed the qualifications for the [s]tandard [t]ester job")).

Putting forward an interpretation of material facts based on the testimony of an adverse witness is not the type of egregious conduct that rises to the level of fraud upon the court because

it does not prevent an opposing party from presenting its case.  Indeed, Plaintiff had the opportunity under Local Rule 4.01(E) to show that there was a genuine dispute as to the fact for which Defendant relied upon Plaintiff's affidavit, but he did not.  Therefore, Plaintiff's claim of fraud upon the court fails as a matter of law.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**, in accordance with the foregoing.  An appropriate Order of Dismissal will accompany this Order.


Dated this 10th day of March, 2011.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE